# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:16-cr-98 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| ISMAIL SALAAM, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S
## MOTION FOR RECONSIDERATION

This criminal case is before the Court on Defendant's motion for reconsideration of the Court's August 1, 2018 ruling, which ruling DENIED Defendant's motion to suppress. (Doc. 41).

## I. BACKGROUND

On October 11, 2016, a federal grand jury returned a two-count indictment, charging Defendant Ismail Salaam with: sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(1) and (b)(2) (Count 1); and production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count 2). (Doc. 16). On January 24, 2017, the Government obtained a superseding indictment, which added one additional count of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Count 3). (Doc. 32).

On August 21, 2017, Defendant filed a motion to suppress evidence obtained from the search and seizure of cellular telephones he had in his possession at the time of his

arrest, as well as the subsequent search of his hotel room. (Doc. 41).[1] In truth, the substantive arguments raised in Defendant's motion focused almost exclusively on the search and seizure of one cellular telephone, *i.e.*, an iPhone belonging to the minor victim. (*Id.*) The motion was fully briefed by the end of February 2018. (*See* Doc. 59). On April 5, 2018, the Court held an evidentiary hearing on the issue of standing. (Doc. 60).

On August 1, 2018, the Court held a hearing and orally ruled that Defendant lacked standing to contest the search and seizure of the iPhone.[2] The Court further ruled the search of the hotel room was conducted pursuant to a valid search warrant supported by an affidavit setting forth sufficient probable cause.

Following the Court's oral ruling, Defendant orally argued that his motion to suppress also sought suppression regarding his personal cell phone, which was a black Samsung 'flip phone.' The Court noted that while Defendant's motion referenced both cellular telephones, but that particularized arguments regarding Defendant's personal cell phone were scarce. The Court offered the defense an opportunity to elaborate on its position orally; however, defense counsel requested a brief continuance in order to prepare supplemental arguments specific to Defendant's personal cell phone. The Court granted defense counsel's request and scheduled the matter for a subsequent hearing to be

---

[1] Defendant filed additional motions, some of which have been resolved while others remain pending until the motion to suppress is entirely resolved.

[2] The transcript from the August 1, 2018 hearing is currently being prepared. However, because the final transcript was not available at the time of drafting this Order, the Court is unable to provide specific citations to its ruling.

held on August 16, 2018.  The Court further ordered defense counsel to "file a supplemental brief (as to the personal cell phone only) on or before 8/13/2018."  (Min. Entry & Not. Order, Aug. 1, 2018).

On August 13, 2018, Defendant filed three separate motions: (1) the instant motion for reconsideration of the Court's August 1, 2018 ruling (Doc. 65); (2) a supplement motion to suppress regarding Defendant's person cellular telephone (Doc. 66); and (3) a motion to appoint co-counsel (Doc. 67).  The Court will address the latter two motions at the August 16, 2018 hearing.

## II.  STANDARD OF REVIEW

"As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Blankenburg v. Miller*, No. 1:16-CV-505, 2017 WL 3730610, at *1 (S.D. Ohio Aug. 30, 2017) (citations omitted).  "Reopening a suppression proceeding is permitted, but a court should be 'extremely reluctant' to do so."  *United States v. Stennis*, 457 F. App'x 494, 502 (6th Cir. 2012) (quoting *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004), *vacated on other grounds*, 543 U.S. 1111 (2005)).

## III.  ANALYSIS

Defendant moves for reconsideration of the Court's August 1, 2018 ruling denying his motion to suppress, arguing that: (1) Defendant has standing to contest the search of the iPhone; (2) the search warrant for the cellular telephones lacked probable cause and was based on hearsay and uncorroborated information from a confidential informant (*i.e.*,

the minor victim); and (3) the search warrant affidavit for the hotel room was insufficient. (Doc. 65).

Defendant's motion for reconsideration is merely a second attempt to obtain a more favorable result based on the same law and evidence. Indeed, every argument raised in Defendant's motion for reconsideration was previously raised in his motion to suppress and/or addressed during the evidentiary hearing. And this Court's decision denying Defendant's motion to suppress was based on thorough consideration of each of those arguments, as well as every other argument made by the parties, all testimony and evidence presented at the hearing, and the applicable law.

To summarize, as to standing, the Court began by stating the applicable standard—that is, that Defendant bears the burden of showing: first, that he exhibited a subjective expectation of privacy, which means that, through his own conduct, "he has shown that he sought to preserve something as private"; and second, that the "expectation of privacy is one that society is prepared to recognize as reasonable." *United States v. Waller*, 426 F.3d 838, 843 (6th Cir. 2005) (quoting *Rakas v. Illinois,* 439 U.S. 128, 143 (1978)). The Court then thoroughly summarized the relevant evidence before it and found that Defendant had failed to meet his burden as to both factors.

Specifically, the Court held that Defendant failed to meet his initial burden of showing that he manifested an expectation of privacy in the iPhone and sought to preserve it as private. The Court noted that the testimony of Lieutenant Mike Ott—which was abundantly evidenced and corroborated—supported the finding that Defendant readily handed over the iPhone upon Lt. Ott's request and that Defendant never argued

that the iPhone belonged to him. Significantly, the Court's finding was further supported by Defendant's own recorded interview just a few hours later, during which <u>Defendant repeatedly denied ownership of the iPhone and specifically stated that the iPhone belonged to the minor</u>. The Court expressly noted that Defendant's own testimony was contradictory and incredible, and that Defendant's assertion that he had any perceived ownership interest in the iPhone and that he had strenuously objected to giving Lt. Ott the iPhone was uncorroborated by any other testimony or evidence, contrary to the statements of the minor victim, and contrary to Defendant's own recorded statements to law enforcement.[3]

Further, the Court ruled that even if Defendant's testimony is to be believed, society is not prepared to recognize as reasonable Defendant's asserted expectation of privacy arising from him having negotiated a verbal contract with the teenage runaway he was harboring unlawfully.

---

[3] During his testimony, Defendant repeatedly acknowledged under oath that he had lied to federal law enforcement during his interrogation (which Defendant apparently believed was appropriate because law enforcement had allegedly lied to him) and Defendant further testified that he had full (perhaps even exclusive) possession and control over the iPhone, which contained child pornography. (Doc. 60 at 77-108). Defendant further offered contradictory testimony on a number of occasions, such as stating first that he and the minor victim "share[d]" the iPhone (*id*. at 78) and that the minor victim "allowed" him to use the iPhone when he needed it to promote his friend's book (*id*. at 84-85), but then later stating that in fact *he* was the one who would allow the minor victim to use her own iPhone (*id*. at 89), before finally testifying that the minor victim "never even had possession of the phone, none." (*Id*. at 100). Defendant also testified initially that the minor victim: "let me give her a hundred dollars to use the phone <u>to promote this book</u>, to do everything I need to do <u>to promote the book</u> … [and] I would be able to use the phone whenever I want <u>when it came to promoting the book</u>." (*Id*. at 84-85) (emphasis added). However, on cross- examination, Defendant was asked whether his "access to the phone was only to promote [the] book," to which Defendant responded "I did not say that, no." (*Id*. at 93).

With regard to the affidavit in support of the search warrant for the hotel room, the Court noted that its ruling as to standing to contest the iPhone's seizure and search resolved Defendant's derivative evidence arguments.[4]  Moreover, the Court addressed the argument that the affidavit itself was insufficient.

Specifically, the Court explained that "[i]n deciding whether an affidavit establishes probable cause, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him … there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  *United States v. Sinclair*, 631 F. App'x 344, 348 (6th Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).  The Court also explained that "**[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime** but that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought." *United States v. Rodriguez-Suazo*, 346 F.3d 637, 644 (6th Cir. 2003) (emphasis added).

Next, the Court clarified that the affidavit alleges offenses including "Trafficking in Persons, Compelling Prostitution, Promoting Prostitution, Procuring, and Pandering

---

[4] The Court's ruling as to Defendant's lack of standing also resolves Defendant's argument relating to the search warrant for the iPhone and Defendant's personal cell phone.  Specifically, Defendant's only argument regarding the alleged invalidity of the search warrant for the cell phones is that the affidavit contained information impermissibly obtained from the consent search of the iPhone and that, absent the iPhone's content, all of the information in the affidavit is uncorroborated and unreliable.  (Doc. 41 at 12).

Obscenities Involving a Minor," and not merely prostitution as Defendant asserts in his motion. (Doc. 41-1 at 6).

Moreover, the Court found that the affidavit clearly states that: (1) the victim is a minor aged 16; (2) the minor and Defendant were together at the hotel when they were arrested for state offenses relating to the minor being a runaway and Defendant harboring the minor and interfering with custody; (3) following their arrest, the minor disclosed to law enforcement that Defendant "had taken photographs of her in her bra and panties in the hotel room on 9/14/2016," and "that the purpose for the photographs was so [Defendant] could post an advertisement on Backpage,"; and (4) the pictures "depict [the **minor**] in sexually suggestive poses, in various states of disrobing and covering her bare breasts with her hands/arms." (*Id.* at 6-7). Thus, the Court found the allegations in the affidavit are sufficient to support a finding of probable cause that crimes have occurred and that evidence of those crimes is likely to be found in the hotel room where Defendant and the minor had been staying at the time of their arrest.

Finally, in response to Defendant's oral assertion that his personal cell phone was also the subject of his motion, the Court noted that Defendant's only possible remaining argument was that the cell phone was not seized incident to his arrest. The Court stated in passing that Defendant *was* actually arrested. To be clear, Defendant was in custody, having been initially arrested for harboring a runaway and interference with custody, at which time the cell phones were seized. The phones were returned to Defendant when officers were preparing to release him on the mistaken belief that Defendant was not suspected of any other criminal offenses. When it became clear that the officers' belief

was not accurate—*i.e.*, that Defendant would remain in custody, was under arrest for additional offenses, and that the cell phones may in fact contain evidence—Defendant was no longer free to leave and the phones were once again seized. Defendant's reliance on the brief return of the cell phones is misplaced.[5]

In short, during the August 1, 2018 hearing, the Court fully addressed each of Defendant's arguments. Moreover, Defendant's motion for reconsideration fails to assert a manifest error of law, newly discovered evidence, or intervening authority. To date, nothing has changed, and the Court stands by its reasoned and fully-articulated decision.

## IV. CONCLUSION

Based upon the foregoing, Defendant's motion for reconsideration (Doc. 65) is **DENIED**.

**IT IS SO ORDERED.**

Date:  8/15/2018            _____*s/ Timothy S. Black*_____
                           Timothy S. Black
                           United States District Judge

---

[5] Defendant argues in his supplemental filing that there was no probable cause to seize his personal cell phone because, unlike the iPhone, there was no dispute as to its ownership. (Doc. 66). However, as stated above, Defendant was in custody the entire time he was at the Springdale Police Department, subject to his initial arrest on state charges and his subsequent arrest for the additional allegations from the minor victim. Admittedly, Lt. Ott briefly returned the cell phones to Defendant, believing Defendant had been cooperative and was subject to release on the state offenses. But the change in Defendant's circumstances warranted the subsequent re-seizure of the cell phones. The fact remains that Defendant was in custody, under arrest, and in possession of cell phones which law enforcement had come to believe contained possible evidence that Defendant had committed a previously unanticipated federal felony offense.