# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| UNITED STATES OF AMERICA | : | Case No. 1:16-cr-98 |
| --- | --- | --- |
| vs. | : | Judge Timothy S. Black |
| ISMAIL SALAAM, | : | |
| Defendant. | : | |

## ORDER MEMORIALIZING
## SPEEDY TRIAL TIME

This case previously came before the Court regarding Defendant's motion to dismiss on speedy trial grounds. (Doc. 91). The Court orally denied the motion, indicating that it would memorialize the speedy trial computation by separate written order. (Min. Entry, Nov. 5, 2018). For purposes of the record, the Court hereby issues this Order accordingly.

### A. Speedy Trial Act

As to the Speedy Trial Act, only 19 days have elapsed on the speedy trial clock. Specifically:

| Event[1] | Date | Speedy Trial Days Elapsed Since Last Event |
| --- | --- | --- |
| Indictment | October 11, 2016 | 0 (speedy trial clock starts) |
| Arraignment | October 13, 2016 | 1 |
| Preliminary Pretrial Conference | October 20, 2016 | 6 |
| Status Conference | November 3, 2016 | 0 (tolled since 10/20/2016) |
| Defense Motions Filed | November 16, 2016 | 12 |

---

[1] The Court has excluded motions filed while time was otherwise tolled by an ends-of-justice finding, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B).

Among the motions Defendant filed on November 16, 2016 was a motion seeking a continuance until December 30, 2016. (Doc. 26). The Court granted the motion and made an ends-of-justice finding. (Not. Order, Nov. 17, 2016). Thereafter, Defendant filed an additional seven motions seeking continuances, citing the need for additional time to engage in plea negotiations, review voluminous discovery, confer with counsel, and prepare or respond to pretrial motions. (Docs. 28, 29, 34, 35, 36, 38, 39). The Court granted each of the motions with ends-of-justice findings as to each, and time remained continuously tolled until August 21, 2017.[2]

Relevant to the computation, Defendant filed a motion to suppress and two motions *in limine* on August 21, 2017. (Docs. 41, 44, 46). The filing of Defendant's motions tolled time, pursuant to 18 U.S.C. § 3161(h)(1)(D) ("The following periods of delay shall be excluded in computing the time within which … the trial of any such offense must commence: … delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").[3] Briefing was initially deferred at the parties' request, but commenced on November 14, 2017 and concluded by January 9, 2018. Also on January 9, 2018,

---

[2] Additional motions were filed in the interim, some of which were stayed at the parties' request and were subsequently rendered moot. (Docs.24, 25, 33). The Court orders the termination of those motions at this time.

[3] *Henderson v. United States*, 476 U.S. 321, 329-30 ("the phrase 'or other prompt disposition' … does not imply that only 'reasonably necessary' delays may be excluded between the time of filing of a motion and the conclusion of the hearing thereon"). *United States v. Tinklenberg*, 563 U.S. 647, 650 (2011) ("the filing of a pretrial motion falls within [(h)(1)'s automatic exclusion] provision irrespective of whether it actually causes, or is expected to cause, delay in starting a trial").

Defendant filed a motion for appointment of new counsel, which motion was set for a hearing held on February 7, 2018.  At that time, Defendant withdrew his request for new counsel, and the Court set the motion to suppress for hearing on April 5, 2018.

At the April 5, 2018 suppression hearing, it was established that the Court would need to resolve the issue of standing first, and then hold a further hearing to resolve the remaining suppression issues.  (Min. Entry, Apr. 5, 2018).  Accordingly, the hearing was continued in progress and time remained tolled, pursuant to 18 U.S.C. § 3161(h)(1)(D).  Additionally, Defendant submitted supplemental memorandum after the April 5 suppression hearing, to which the Government responded.  (Docs. 61, 62).[4]  On July 10, 2018, Defendant also filed an *ex parte* motion asking the Court to designate the case as "complex," citing the tens of thousands of pages of discovery and recordings.  (Doc. 64).

The Court held the subsequent suppression hearing on August 1, 2018, at which time the Court orally ruled on the standing issue and addressed the remaining suppression issues, ultimately denying the motion to suppress (Doc. 41).  (Min. Entry, Aug. 1, 2018); (Doc. 69).[5]  However, at that time, Defendant expressed his intent to raise an additional suppression issue.  Because Defendant was not prepared to fully argue the issue that day, the defense sought and was granted a further continuance, in order to submit

---

[4] While the Court was working to schedule the subsequent suppression hearing, Defendant filed a motion to compel a decision.  (Doc. 63).  However, as the Court intended to rule on standing during the subsequent hearing, the motion was terminated as moot.

[5] The Court also noted during the hearing that Defendant's motions *in limine* remained pending.  However, as motions *in limine* address the admissibility of evidence at trial, the Court stated that consideration of the motions would be deferred until the case was set for trial.

supplemental memorandum on the issue and for another hearing. (*Id*.) The next hearing on the forthcoming suppression issue was set for August 16, 2018, and time was tolled in the interim by an ends-of-justice finding. (Min. Entry, Aug. 1, 2018); (Doc. 69).

On August 13, 2018, Defendant filed a motion for reconsideration of his motion to suppress (Doc. 65), supplemental briefing on the additional suppression issue (Doc. 66), and a motion to appoint co-counsel (Doc. 67). On August 15, 2018, the Court issued a written Order denying Defendant's motion for reconsideration. (Doc. 68). And on August 16, 2018, the Court proceeded with the hearing on Defendant's supplemental motion to suppress. (Min. Entry, Aug. 16, 2018).

During the August 16, 2018 hearing, the Court orally denied the supplemental motion to suppress, but granted Defendant's motion for appointment of co-counsel and also granted Defendant's previously filed motion for a complex case designation. (*Id*.) Additionally, at that time, the Court and the parties selected a trial date of November 5, 2018, and the Court issued a final ends-of-justice finding. Specifically, as memorialized in the Court's August 16, 2018 Minute Entry & Notation Order:

> At the request of both parties, the case is scheduled for trial commencing 11/5/2018, subject only to newly appointed co-counsel's availability. Assuming co-counsel is available, the Court will also issue a trial calendar by separate entry, with trial commencing on 11/5/2018, as requested. Given the voluminous discovery in this case, the issues presented, the seriousness of the charges, the time expended thus far toward preparation, and the need for appointment of co-counsel, the Court finds this case is sufficiently complex, such that it is unreasonable to expect adequate preparation for the trial within the time limits established under the Speedy Trial Act. Moreover, failure to grant a continuance to accommodate a later trial setting would otherwise deprive all counsel and

4

> particularly, newly appointed co-counsel of adequate time to prepare for trial, and would likely result in a miscarriage of justice. Accordingly, the Court finds that the ends of justice served by granting a continuance in this case to accommodate the requested trial setting of 11/5/2018, or later if need be, outweigh the interests of Defendant and the public in a speedy trial, and therefore the time elapsing from 8/16/2018 until 11/5/2018 shall be TOLLED, pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). IT IS SO ORDERED.

(Min. Entry & Not. Order, Aug. 16, 2018).

Following the August 16, 2018 hearing, the parties filed additional motions *in limine*, all of which the Court resolved promptly. And trial commenced on November 5, 2018, as scheduled.

In short, and as previously stated, 19 days elapsed on the speedy trial clock before the filing of Defendant's first pretrial motions and motion to continue, filed on November 16, 2016. Thereafter, time remained continuously tolled until August 21, 2017 on Defendant's own seven additional motions for continuances, all of which the Court granted with ends-of-justice findings.

On August 21, 2017, on the day the Court's ends-of-justice finding and the tolling of time would have otherwise elapsed, Defendant filed a motion to suppress and two motions *in limine*. Accordingly, time was once again tolled beginning on August 21, 2017, pursuant to 18 U.S.C. § 3161(h)(1)(D), until the hearing or disposition of the motions. Briefing concluded on January 9, 2018, at which time Defendant also filed a motion for new counsel. Thus, before setting the motion to suppress for hearing, the Court first needed to resolve Defendant's January 9, 2018 motion for new counsel. And upon resolution of that motion at a hearing held on February 7, 2018, the Court set the

case for a hearing on Defendant's motion to suppress to be held on April 5, 2018. At the April 5 hearing, the Court took the issue of standing under advisement and continued the hearing in progress. The Court set the continued hearing for August 1, 2018, and in the interim received supplemental briefing and a motion from the defense asking to declare the case as complex. Defendant's motion to suppress was resolved at the August 1, 2018 hearing. Thus, the tolling of time pursuant to 18 U.S.C. § 3161(h)(1)(D) elapsed at that time.

However, during the August 1, 2018 hearing, the Court granted Defendant an additional continuance until August 16, 2018, with an ends-of-justice finding, in order to allow the defense to raise a supplemental suppression argument. That supplemental suppression motion, as well as a motion for reconsideration and a motion to appoint co-counsel were all fully resolved by the next hearing on August 16, 2018. Thus, time remained tolled until August 16, 2018.

Finally, on August 16, 2018, a trial date was selected, and the Court entered its final ends-of-justice finding, tolling time until the commencement of trial on November 5, 2018.[6] Accordingly, not a single day elapsed on the speedy trial clock following after November 16, 2016, at which time only 19 days had run and 51 days remained, pursuant to the Speedy Trial Act. Therefore, Defendant's motion to dismiss pursuant to the Speedy Trial Act is DENIED.

---

[6] Even absent the Court's final ends-of-justice finding, time was otherwise tolled by the ongoing motion practice.

**B. Sixth Amendment**

Defendant also raises an additional argument pursuant to the Sixth Amendment. The argument is not well-taken.

To determine whether Defendant has been deprived of his Sixth Amendment right to a speedy trial, the Court must consider: (1) the length of delay; (2) the reason for the delay; (3) Defendant's assertion of his right; and (4) prejudice to Defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No one factor is a "necessary or sufficient condition to the finding of a deprivation of the right of speedy trial … [but] [r]ather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id*. at 533.

Defendant's motion is sparse as to the *Barker* factors and, indeed, only alludes to the final factor, *i.e.*, prejudice to Defendant, but even still fails to note how Defendant has been prejudiced beyond the fact that he has been incarcerated. (Doc. 91 at 2-3). Notably, "affirmative proof of particularized prejudice is not essential to every speedy trial claim." *Doggett v. United States*, 505 U.S. 647, 656. The Sixth Circuit has elaborated, however, that "[i]n this circuit, '[w]hen the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced *with specificity* will not make out a speedy trial claim no matter how great the ensuing delay.'" *United States v. Young*, 657 F.3d 408, 418 (6th Cir. 2011) (quoting *United States v. Howard,* 218 F.3d 556, 564 (6th Cir. 2000)) (emphasis in original).

Here, Defendant's trial commenced two years from the date of the original indictment. However, as Defendant fully recognized and indeed requested, the volume of

discovery and particular circumstances of the case warranted a complex case designation. Thus, two years from the date of the original indictment to the date trial commenced is not unreasonable.

However, even if the Court were to presume prejudice, Defendant wholly fails in all other respects under the *Barker* factors. Specifically, nearly all of the delay is attributable to Defendant. Throughout the proceedings, the Court remained responsive to Defendant's numerous requests for continuances, his ongoing motion practice (often *pro se* and against the advice of counsel), his continuance supplementation of pending motions, and his requests for new counsel, co-counsel, and a litany of services under the CJA. Additionally, the Government acted with diligence and in good faith in prosecuting the case.

Finally, the Court acknowledges that Defendant began to assert his right to a speedy trial during the hearing on August 1, 2018. (Doc. 69). However, Defendant concurrently asked to raise additional suppression issues, which issues had never before been briefed and which none of the attorneys were aware of or prepared for. The Court advised Defendant at that time: "I guess my comment at this point would be, if you're looking for speedy trial and trial in October and yet you want me to address something else, I'm perfectly willing to do that and then we'll figure out the trial date. My sense is that we need to have another hearing after you all have had time to figure out where you are and what you wish to do." (*Id*. at 15). The Court then granted a two-week continuance, resolved all remaining suppression issues, and appointed co-counsel upon finding that the case was "complex," <u>at Defendant's request</u>. Thus, while Defendant

asserted his right to a speedy trial, he concurrently made requests that inevitably delayed commencement of trial. Nevertheless, the Court acted to set a prompt trial date while ensuring that the defense had sufficient time to be fully heard on all pretrial matters and to otherwise prepare for trial with the appointment of co-counsel.

Finally, Defendant has failed to assert any resulting trial prejudice, beyond invoking the general proposition that pretrial incarceration contributes to a defendant's anxieties regarding the case. But Defendant cannot simply rely upon anxieties resulting from delays of his own-making, nor can he prevail on a Sixth Amendment claim where the Government has acted with necessary diligence in prosecution and the Court has acted promptly to ensure Defendant's right to a fair and speedy trial.

Accordingly, the *Barker* factors weigh heavily against Defendant, and his Sixth Amendment claim is DENIED.

**IT IS SO ORDERED**.

Date: 6/3/2021

Timothy S. Black
United States District Judge